(C.D. 2374)

CASTELAZO & ASSOCIATES FISHER BEARINGS MFG. CO. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 19, 1962)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE, J., not participating

FORD, Judge: Certain imported merchandise described on the invoices as "Inner Races-Automotive Parts" and "Outer Races-Automotive Parts" was classified by the collector of customs under the provisions of paragraph 321 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at 3.4 cents per pound and 15 per centum ad valorem, by virtue of the following language:

Metal ball or roller bearings, and parts thereof (not including balls or rollers), whether finished or unfinished, for whatever use intended_____ 3.4¢ per lb. and 15% ad val.

Plaintiffs herein contend said merchandise, being integral parts of a supercharger used on automobiles, is more properly dutiable under the provisions for "parts" contained in paragraph 369(c) of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, which provides as follows:

Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 10½% ad val.

The record in this case consists of the testimony of one witness called on behalf of plaintiffs and five exhibits which were received in evidence. Plaintiffs' collective exhibit 1 consists of two steel rings, which are the imported articles covered by protest 60/17008 and which were invoiced as outer races. Plaintiff's exhibit 2 consists of the output shaft identified by the die-stamped number 345 and described on the invoice covered by protest 60/2023 as inner races. Plaintiffs' illustrative exhibit 3 consists of a pictorial representation of an automobile supercharger. Plaintiffs' illustrative exhibit 4, consisting of five metal balls, represents the balls used in the article when assembled. Defendant's exhibit A consists of a ball bearing assembly, composed of an outer race, balls, a retainer, and an inner race.

The witness, Mr. William E. Davis, a sales engineer for the Fischer Bearings Manufacturing Co., testified that the business of said company is to do engineering work on the application of ball bearings, friction drive assemblies, speed reducers, and power transmission equipment; that a friction drive unit can be used both for the transmission of power and for either increasing or decreasing speeds in mechanical units, such as is accomplished by a planetary gear arrangement; that the object of using balls, rather than gears, is that highly precisioned balls are cheaper than gears, and the assembly can be made to work more quietly than a similar application using gears.

Mr. Davis testified that the imported articles were of his design and that the stationary retainer or outer race comes in two pieces, while the inner race, die stamped 345, is initially pressed on and ground on the shaft; that the imported articles have just one use and were designed by him to be used in an automotive supercharger; that the power to drive this unit is obtained by a pulley arrangement from the fan belt of the automobile, which is then transmitted through the shaft and which, in turn, drives the five balls, and due to the friction involved, drives the output shaft, exhibit 2, at 4.3 times the speed of the input shaft; that the output shaft drives a fan at the increased speed which actually gives the power to the supercharger to supercharge the engine; that this arrangement is identical to a planetary gear arrangement, except that each part would be driven by a gear.

The witness testified as to the characteristics of both ball bearings and friction drive units. Summarized they are as follows:

| ball bearings | friction drive |
|---|---|
| 1. Reduces friction | 1. Works by friction |
| 2. Carries as maximum a load as possible | 2. Not used as a load carrying member |
| 3. Never transmits power | 3. Basic function is to transmit power |
| 4. Curvature of inner and outer races is larger to permit smaller contact | 4. Curvature of inner and outer races conforms to shape of ball to get maximum friction by maximum contact |
| 5. Outer race is never split | 5. Outer race split |
| 6. Balls are held in place by a retainer, separator, or cage | 6. Outer race retained by springs to keep sufficient friction on the balls |

Mr. Davis then testified that the imported articles are necessary parts of a supercharger, such as in plaintiffs' illustrative exhibit 3, and said supercharger would not operate without exhibits 1, 2, and 4; that a supercharger increases the horsepower of an engine by forcing fuel or a mixture in the cylinder under pressure, instead of merely atmospheric pressure; that once a supercharger is attached to an automobile engine, the engine cannot operate without it.

Based upon the foregoing record, plaintiffs contend that the so-called inner and outer races, collective exhibit 1 and exhibit 2, are not

used in metal ball bearings and, in fact, are physically incapable of being so used.

In the Dictionary of Tariff Information (1924), page 35, the following information, pertinent herein, is given:

ANTIFRICTION BALLS AND BEARINGS. Antifriction bearings consist of metal balls or rollers fitted between two metal cases in such a way that a shaft may be inserted into the inner case, and the outer case into the bearing frame, the contact between the two cases being through balls or rollers. This arrangement substitutes a rolling contact for the sliding contact of the ordinary bearing and thus reduces friction.

The automobile industry is the largest consumer of ball and roller bearings; the bicycle affords examples of the use of the former variety. Some antifriction bearings are used in screw-jacks, many machine tools, elevators, etc.

Although the foregoing is information given under the title of "ANTIFRICTION BALLS AND BEARINGS," the following contained in the Summaries of Tariff Information (1948), under paragraph 321, indicates the applicability of the above information:

Description and uses.—Present standards of speed, accuracy, and durability in the operation of machinery and transportation equipment depend on the liberal use of ball and roller bearings, often called antifriction bearings, in place of the older cylindrical sleeve bearings. * * *

In view of the foregoing and the testimony herein, it would clearly appear that the imported merchandise performs its function in a manner diametrically opposed to the manner in which ball bearings are used. The imported merchandise does, in fact, function in a manner similar to the speed variator involved in the case of *United States* v. *The A. W. Fenton Co., Inc.*, 49 CCPA 7, C.A.D. 785, recently decided by our appellate court. In that case, the hardened balls were used for power transmission by utilizing friction as a means. The importer therein claimed them to be dutiable as antifrictional balls. The court found them not to be antifrictional balls, since their sole purpose was to create friction. Accordingly, we are of the opinion that the merchandise herein is not properly dutiable under paragraph 321 of said act, as modified, *supra*, as classified herein.

Plaintiff herein cites the case of *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602, wherein certain imported superchargers were held to be properly dutiable as parts of automobiles under paragraph 369 of the Tariff Act of 1930, as modified. The merchandise herein being a supercharger, and the testimony of the witness herein indicating the imported merchandise to be a necessary and integral part thereof, and it further being established that said supercharger once installed in an automobile, said automobile could not function without it, we find the imported merchandise to be parts of automobiles under paragraph 369(c) of said act, as modified, *supra*, as claimed by plaintiffs herein, at the rate of $10\frac{1}{2}$ per centum ad valorem.

Judgment will be rendered accordingly.